Chester Moore, Plaintiff-Appellee, v. Cecil Bethel, Defendant-Appellant.

Term No. 54–O–5.

Fourth District.

February 1, 1955.

Released for publication March 3, 1955.

 

DeWitt Twente, of Harrisburg, for appellant.

Rumsey & Dennis, of Harrisburg, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

Plaintiff brought an action in the circuit court of Saline county against defendant for personal injuries and property damage sustained by him when his automobile struck the rear of defendant's truck stopped on the highway. Judgment for plaintiff in the amount of $3,000 was entered upon the jury's verdict. The defendant contends on appeal that the trial court erred in denying his several motions for a directed verdict at the close of plaintiff's case, at the close of all the evidence, for judgment notwithstanding the verdict, and his alternative motion for a new trial. He urges that plaintiff was guilty of contributory negligence as a matter of law and that there is no evidence of negligence on defendant's part.

We are concerned in this case with the second of two collisions that occurred on January 28, 1952, at about 6:30 a. m. on State route 13 in Saline county. It was, of course, still dark at that hour. At the point of the collision there was a downgrade traveling north, the crest of the hill being several hundred feet to the south.

The first collision occurred when a Ford automobile driven north on said route collided with the rear of a pick-up truck which had been stopped on the highway while the driver extinguished a fire under the dashboard. After the first collision the Ford automobile wound up facing northeast in the southbound lane and the pick-up truck nosed into the ditch on the right side of the road with its rear end at the east edge of the pavement. Defendant came upon the scene from the south moments later driving a 1½-ton truck, which at the time was empty. It was a flat-bed truck with sideboards and tail gate. The truck was lighted on the rear by a cluster of 3 lights below the tail gate and a red taillight at the lower left corner. Two red reflectors about 3½ inches in diameter were also fastened on the rear. Defendant stopped his truck in the northbound lane 15 or 20 feet south of the vehicles involved in the first collision. Shortly thereafter, plaintiff came over the crest of the hill proceeding in a northerly direction, struck the rear of defendant's truck causing personal injuries and damage to his car.

██ ██ Under the issues raised by the defendant we are concerned with the question of whether or not the material allegations of the complaint are supported by the evidence in the record, viewing that evidence, together with all reasonable inferences to be drawn therefrom, in its aspect most favorable to the plaintiff. As could be expected in a lawsuit of this sort, the record abounds in disagreement on the several significant issues necessary to be resolved before liability is fixed. However, we are not concerned with resolving these contradictions but must examine defendant's charge that there is a total lack of evidence proving the necessary elements of plaintiff's case. Merlo v. Public Service Co. of Illinois, 381 Ill. 300, 45 N.E.2d 665.

██ With respect to the issue of defendant's negligence, it is uncontradicted that defendant's truck was stopped on the highway without flares having been set

out to warn approaching traffic. There is, of course, no accord as to how long defendant's truck was in such position. The passengers in the Ford auto involved in the first collision testified that 2 to 5 minutes elapsed after defendant stopped before plaintiff came on the scene; defendant contends he had just stopped and was getting ready to set out flares when the second collision occurred. This evidence on plaintiff's part was sufficient to raise a jury question as to defendant's negligence.

██ A special interrogatory raising the question of plaintiff's contributory negligence was answered by the jury in the negative. The defendant argues, however, that not to see taillights admittedly burning on a parked vehicle in time to avoid a collision is contributory negligence as a matter of law. He urges that plaintiff should not be heard to say that he was keeping a careful lookout ahead and yet did not see in time to stop that which could have been plainly visible to him. This court in Warren v. Patton, 2 Ill.App.2d 173, 119 N.E.2d 465, discussed this argument and said:

"Reference is made to the doctrine that the law does not countenance the anomaly of one professing to look and not seeing that which is clearly visible. Statements to that effect often appear in railroad crossing cases, and others, wherein a large object is before plaintiff's eyes in a known place of danger and in broad daylight.

"Some of the cases frequently cited on this subject are Greenwald v. Baltimore & O. R. Co., 332 Ill. 627, 164 N. E. 142; Dee v. City of Peru, 343 Ill. 36, 174 N. E. 901; and Grubb v. Illinois Terminal Co., 366 Ill. 330, 8 N.E.2d 934. In all of them the opinion refers to the time of the occurrence as being in broad daylight.

"There can be no doubt that the headlights of a car have illuminating effects on objects within their range. But the proposition that this may be regarded as equivalent to daylight, and that the small amount of

274

light reflected back from a dark object will, as a matter of law, make it clearly visible, must be approached with some caution."

In the instant case, of course, plaintiff was not confronted with an unlighted object; but we are not prepared to say that the "clearly visible" rule automatically comes into operation when the standing object is admittedly lighted. The many variables present in cases of this sort, such as the kind of truck or vehicle stopped, number of lights on such vehicle, condition of the road and weather, type of warning signals, if any, and the presence or absence of diverting circumstances, and the nature of such diversion, if any, militate against the drawing of inflexible rules of negligence or contributory negligence. The law wisely provides, therefore, that except where all reasonable minds would be forced to the same conclusion, the weighing of all the evidence pertaining to these factors and the fixing of liability, if any, is best left to the jury, subject to review on the point of the weight of such evidence. We are satisfied that this is such a case. Here the evidence disclosed that the accident happened several hundred feet beyond the crest of a hill on a black-top highway; that defendant's truck had been in daily use hauling coal and gravel and that the taillight and clearance lights were below the tail gate of the truck; and that the Ford auto was at an angle across the west lane of the highway with its lights burning. These facts added to plaintiff's testimony as to his speed and attention to the highway conditions which must be taken as true, afford a basis for the jury's finding on the issue of contributory negligence.

■■ The defendant also contends that the jury's findings on the issues of negligence and contributory negligence were contrary to the manifest weight of the evidence. On the issue of negligence the significant question is the period of time defendant's truck was

275

stopped before the second collision occurred. Anyone who has driven a car during darkness becomes aware of the difficulty in estimating how far ahead of him are the taillights of another car going in the same direction. If the car ahead is proceeding at some appreciable rate of speed, the driver of the rear car has opportunity, in point of time, to adjust his speed to avoid danger. If, however, the car ahead is stopped, the rear car approaches it with alarming suddenness. Thus a car stopped on the highway in time of darkness, even though lighted with the usual taillights, presents a serious hazard. The law seems to recognize this fact in prescribing that flares be placed under these circumstances. Jurors who have had driving experience also recognize the hazard as a matter of common knowledge. If, therefore, the jury believed that defendant had sufficient time to put out flares and thus warn approaching cars of the presence of a stopped vehicle, there was sufficient basis for the finding as to defendant's negligence. On this issue the jury had before it the testimony by the two passengers in the Ford automobile that defendant stopped his truck on the highway and came up to the first accident; that when plaintiff's car was heard approaching some 2 to 5 minutes later, defendant walked back to his truck to try and warn plaintiff of the situation. Plaintiff testified defendant told him he had stopped in this fashion because he didn't want to drive through the broken glass on the highway. There was also evidence that had defendant stopped his truck on the right shoulder all but three feet of the northbound lane would have been cleared permitting a better view of the situation ahead. In contradiction to this testimony the jury had only the defendant's testimony that he had no alternative to stopping as he did on the highway; that he could see people moving around in his headlights on the highway and therefore couldn't drive between the two vehicles involved in the first collision; and that he had just stopped when plain-

tiff's car came over the hill and that he therefore had insufficient time to set out flares. The substance of defendant's argument is to the effect that being faced with an emergency he was compelled to stop on the highway. However, taking this to be true there still remains the conflict as to whether or not flares might have been put out. On this issue the direct evidence clearly preponderates that defendant left his truck and walked up to the accident without placing flares, which conduct formed a sufficient basis for a finding of negligence.

 A more difficult issue is the question of plaintiff's contributory negligence. Plaintiff testified he was driving about 45 m. p. h. as he came over the crest of the hill and had his car lights on bright; that his attention was first attracted to the taillight of a car on the west side of the road and he started applying his brakes; that he then saw the tail gate of defendant's truck and applied his brakes hard but was unable to bring his car to a stop; that he observed the clearance lights below the truck bed just as the collision occurred and they were very faint; that he saw no one around the truck at the time of collision but observed defendant later coming from the direction of the Ford automobile; that his brakes were good and took hold, skidding the tires when he applied them hard. Defendant testified as to the number and condition of the lights on the rear of his truck; that plaintiff was going "pretty fast" and did not seem to slow down until he was close to the truck; that plaintiff's car skidded about 100 feet before the impact; that when he heard plaintiff's car approaching he stepped back to the rear of his truck and started waving in an attempt to flag plaintiff down. Defendant also presented the testimony of a state patrolman called to the scene of the accident who recalled that later in the day plaintiff stated the visibility was poor, that he was going at a high rate of speed and that his brakes were poor. Plaintiff denied

277

the circumstances and substance of any such conversation. On the basis of this testimony defendant urges that the jury's answer to the special interrogatory was erroneous and that the finding that plaintiff was not guilty of contributory negligence was against the manifest weight of the evidence. Admittedly, this evidence presents a close question on contributory negligence. It is clear, however, that the evidence is not overwhelming on either side as to whether or not plaintiff should have seen defendant's truck under the circumstances detailed. In this state of the evidence the jury's finding should not be disturbed.

■ ■ Other errors are urged by defendant as ground for a new trial. These include alleged errors in giving certain instructions on behalf of plaintiff and several instances of improper argument. With respect to the latter, the record shows that the trial court ruled correctly on the various objections made by defendant's counsel during said argument, and in view of the fact that the verdict is not urged to be excessive, no prejudice resulted from argument or remarks of counsel. Nor do we find grounds for new trial in any of the alleged erroneous instructions. The error, if any, is completely technical and not of such nature as would necessarily mislead the jury or assume the dignity of reversible error.

The judgment of the lower court will therefore be affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.