Donald Grady, Plaintiff-Appellee, v. Walter W. Pike, et al., d/b/a Strong & Strong Grain and Supply Company, Defendants-Appellants.

Gen. No. 64-11.

Third District.

July 9, 1964.

Berry & O'Conor, of Ottawa, for Walter W. Pike, and James L. Waring, of Ottawa, for Adrian Pike, et al., appellants.

Peter F. Ferracuti, of Ottawa, for appellee.

CULBERTSON, P. J.

This cause is before us on an appeal from a judgment of the Circuit Court of LaSalle County, Illinois, based upon a jury verdict in the sum of $32,500 for injuries sustained as a result of an automobile accident. Plaintiff, Donald Grady, basically contended that Walter W. Pike failed to guard his unlighted truck which was stalled upon a highway in darkness, by lighting warning flares, although such defendant had sufficient time to put out the flares as required by statute. The accident occurred on Illinois State Route 23, approximately one and a half miles south of the City of Ottawa, Illinois, between 6:00 and 6:15 a. m., on November 15, 1960.

On appeal in this cause defendant contends: (1) that plaintiff was guilty of contributory negligence, as a matter of law; (2) that defendant, under the evidence, was not guilty of any negligence alleged by plaintiff; (3) that the evidence does not sustain a finding that plaintiff was injured as a direct or proximate result of negligence on part of defendants. In connection with these contentions it is asserted that plaintiff was driving at a high and dangerous rate of speed, and that the verdict was clearly against the manifest weight of the evidence.

The evidence, in simple outline, indicated that defendant, Walter Pike, who was 72 years of age at the time of the accident, had stalled in the 1953 truck

which he was driving and he could not start it. The truck was on the right-hand lane on the pavement. When he found he could not start the truck he ran down the road to stop cars approaching from both the north and the south. He knew he had a duty to put out reflectors and flares, but felt his first duty was to stop anything coming from behind him the quickest way he could. The evidence showed that after stopping cars in both directions he became aware of another car, driven by plaintiff, coming from the south and he went back to the truck to try to start it again. He then got out of the truck and started running down the highway in an attempt to flag plaintiff. He did not look back to see if the directional lights were on. His attempt to flag plaintiff was ineffective and the accident resulted. There was evidence that the lights at that time were not on, although there was evidence to the effect that when the ignition was turned on the lights may have been on.

The plaintiff did not see any lights before crashing into the rear of the truck. While the truck was equipped with a number of lights, there was evidence that none of these lights were visible to the plaintiff at the rear of the truck just prior to the collision. If flares had been put out such flares would have been visible. There was evidence to the effect that the defendant, Walter Pike, had flares in the truck and had ample time to light such flares before the accident occurred.

■ Under the facts and circumstances in the record the question of whether or not plaintiff was guilty of contributory negligence was exclusively a question of fact for the jury (Moore v. Bethel, 4 Ill App2d 270, 275, 124 NE2d 352; Moyer v. Vaughn's Seed Store, 242 Ill App 308, 312). We have repeatedly reiterated that the plaintiff in such case should not be found

guilty of contributory negligence, as a matter of law, unless all reasonable minds would reach the conclusion that the conduct of the driver of the automobile was contrary to rational standards of conduct applicable to persons in similar situations (Moyer v. Vaughn's Seed Store, supra, at page 312). Under the facts in the record in the cause before us, the determination of the jury on this issue was conclusive.

Similarly, this determination was also conclusive on the question of whether plaintiff was driving at a high and dangerous rate of speed (Budds v. Keeshin Motor Exp. Co., Inc., 326 Ill App 59, 61 NE2d 579), and on the question of maintaining a lookout for danger (Warren v. Patton, 2 Ill App2d 173, 182, 119 NE2d 465). The fact that the injuries resulted when plaintiff's automobile collided with defendant's truck in the darkness, which was then unguarded by warning flares, and supported by evidence from which a jury could believe that defendant had sufficient time to light flares and thus warn approaching automobiles of the presence of the stopped vehicle, was a sufficient basis for a finding of defendant's negligence (Ill Rev Stats 1959, c 95½, § 218; Moore v. Bethel, supra).

There was no basis, therefore, on the record for a finding that the verdict was against the manifest weight of the evidence. It is therefore apparent from the record that the judgment of the Circuit Court of LaSalle County was properly based upon the record and should be affirmed.

Affirmed.

ROETH and SCHEINEMAN, JJ., concur.