Sollie E. Hammond, Plaintiff-Appellee, v. United States Steel Corporation, a Corporation, et al., Defendants-Appellants.

Gen. No. 51,932.

First District, Fourth Division.

February 21, 1968.

Rehearing denied April 2, 1968.

Gerrard and Gerrard, of Chicago, for appellant.

Charles B. Fiduccia, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff sued for injuries sustained in a collision with a truck operated, maintained and controlled by defendants, United States Steel Corporation, Brada Cartage Company and Morris W. Shively. The collision occurred in the City of Chicago Heights when plaintiff's car, heading south, struck defendant's trailer-truck which had pulled out of a driveway of United States Steel Corporation on the west side of State Street making a left turn onto State Street. Defendants appeal from a jury verdict and judgment in the amount of $4,500 in favor of plaintiff, contending that their motion for judgment notwithstanding the verdict should have been granted because (1) plaintiff failed to prove negligence on the part of defendants and (2) the plaintiff was guilty of contributory negligence as a matter of law.

**Plaintiff's Testimony**

At about six o'clock in the evening of October 27, 1958, he entered State Street at 26th Street, two blocks north of the scene of the accident. In the back seat of his car were his two grandchildren; his daughter-in-law was with him on the front seat. He was familiar with the area. He was wearing his glasses and his eyes were good; his windshield was clean and there was nothing to block his view of the highway—no hills, or curves, no building

312

or trees. It was dark and the highway was unlit. Plaintiff was traveling south at between twenty and thirty-five miles per hour and at that speed he felt he could stop his car in eight or ten feet. When he first saw the tractor-trailer he was two or three car lengths north of it and it was crossing State Street at the time. After he saw the headlights he noticed the green and red lights atop the cab; this indicated to him that this was a tractor-trailer combination, and as he got closer he saw the trailer itself. The trailer was blocking both lanes; he tried to stop and swerved off the west side of the road to avoid hitting it; he struck the left rear wheel of the trailer which was extending into the driveway at the time of impact.

Plaintiff was seventy-two years old and sustained a broken jaw as well as injuries to his arm and his knee; it required twenty-one stitches to close the laceration of his lip and because of the injuries he was unable to plant his crops in the spring of that year and he still had headaches and dizziness.

### Testimony of Plaintiff's Wife

She arrived a short time after the accident from her home three or four blocks away; her husband was slumped over the wheel unconscious; his car was off the road, the front being off by four or five feet and the rear being off by eight or ten feet. The tractor was facing due north; the trailer was ten or twelve feet north of the driveway of the steel company and was blocking both lanes at an angle across the road. The lights on the car were out and the trailer had lights but they were not lit. She testified that her daughter-in-law and son were divorced and that an unsuccessful attempt had been made to locate her daughter-in-law in order to obtain her testimony.

### Defendant's Testimony

The evidence deposition of defendant Morris W. Shively was read into evidence. He testified therein that he

was the driver of the truck involved in the accident; that it was a tractor-trailer combination; the trailer was forty feet long and nine feet wide and was carrying 24,600 pounds of structural steel. He said it was about six-thirty in the evening, it was dark but the view was unobstructed. Shively said:

> I had lights burning on my equipment. Headlights, fire marker lights across the top of the tractor, Case marker lights on the side and in the back. Those lights are amber on the top of the tractor, amber on the sides and red on the corners. That is the sides of the trailer.

He stated that he pulled out of the United States Steel yard and out on the driveway leading to State Street, stopping six feet from the road; that he looked both ways and that he then saw plaintiff's car for the first time about one-half mile away. He stated that in order to make a ninety-degree turn he had to go off the shoulder of the road on the east side, then after doing so he cut back in and that the collision took place immediately after he had gotten on his side of the road; that defendant hit the back end of the trailer. He said that at the time of the accident he was going ten to fifteen miles per hour, that the second time he saw the car it was seventy or eighty feet away and that no part of his equipment was in the southbound lane. He said that the damages caused by the accident prevented his moving the truck and that when the police arrived fifteen to twenty-five minutes later nothing was moved.

### Officer Overstolz's Testimony

Robert Overstolz testified that he was acting Police Chief of Chicago Heights, that the speed limit on State Street was not posted but it was about sixty-five miles per hour. He stated:

> The truck was parked. It had a wheel possibly a wheel was in the center of the yellow line or white

314

line and possibly a little bit over . . . . One tire may have been over the center line. It was the outside tire of the duals on the left side of the vehicle. The rear tire of the trailer with the exception of the outside tire, the rest of the vehicle was over to the east of the center line . . .

When asked whether he saw the truck's lights he said that he noticed the truck's taillights. He said there were no skid marks at the scene.

■ Defendants first contend that their motion for judgment notwithstanding the verdict should have been granted because plaintiff failed to sustain his burden of proving negligence. In the recent case of Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504, the Illinois Supreme Court reviewed the variety of rules governing the direction of verdicts and the granting of judgments notwithstanding the verdict. The court held that henceforth one rule would be applicable to both, saying at page 510:

In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.

■ The complaint charged defendants, inter alia, with failure to properly illuminate the trailer, failure to yield the right of way * and negligent obstruction of the roadway. Plaintiff testified that the trailer had no lights. Officer Overstolz testified that the trailer had lighted taillights when he arrived and Shively stated that the trailer had lights on the back and the sides. However, de-

---

* Ill Rev Stats 1963, c 95½, § 168:

Vehicle entering highway from private road or driveway. The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.

fendants' photographs show that the forty-foot trailer was equipped with lights and reflectors on the tail but the side lights appear to be only at the rear corner. Plaintiff and his wife testified that the truck completely blocked both lanes; Officer Overstolz stated that it was only slightly over the center line. Since Shively said that his equipment was entirely in the northbound lane, we are asked to believe that plaintiff must have made a left turn into the rear of the trailer after passing the tractor. Finally, while Shively testified in his evidence deposition that the accident occurred "about the length of the tractor and trailer 42 feet 6 inches north of the driveway," in another deposition he had stated that the accident took place "3 or 4 feet north of the driveway." We believe that the jury could properly have inferred from this evidence that the truck was not adequately lit and that Shively was negligent in entering the highway. Under these circumstances we cannot say that the evidence "so overwhelmingly favors" defendants that a judgment notwithstanding the verdict should have been entered.

■■ Defendants' second contention is that plaintiff was guilty of contributory negligence as a matter of law. He calls our attention to cases in which courts have held that driving into a clearly visible object is contributory negligence as a matter of law. The application of the "clearly visible rule" urged upon us by defendants is discussed in Moore v. Bethel, 4 Ill App2d 270, 124 NE2d 352. The court said at page 275:

> . . . [P]laintiff was not confronted with an unlighted object; but we are not prepared to say that the "clearly visible" rule automatically comes into operation when the standing object is admittedly lighted. The many variables present in cases of this sort, such as the kind of truck or vehicle stopped, number of lights on such vehicle, condition of the road and weather, type of warning signals, if any,

and the presence or absence of diverting circumstances, and the nature of such diversion, if any, militate against the drawing of inflexible rules of negligence or contributory negligence.

In the instant case the night was dark, the roadway unlit, the trailer was forty feet long. There was evidence that the trailer was, at least partly, in the southbound lane, where plaintiff had no reason to expect it to be. The testimony as to the lights on the trailer was at best conflicting. Applying the standard of Pedrick, supra, we cannot say that this issue should have been taken from the jury.

The judgment is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.

