Carl Storz, Appellee, v. James Timco, Trading as Sunnyside Club, and Chicago Title and Trust Company, Appellants.

Gen. No. 42,646.

Opinion filed October 25, 1943.

LORD, BISSELL & KADYK, of Chicago, for appellants; LEONARD F. MARTIN, BRUCE S. PARKHILL and HAROLD E. BAILY, all of Chicago, of counsel.

RICHARD JAMES STEVENS, of Chicago, for appellee.

Mr. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from a judgment for $2,000, entered in an action under the Dram Shop Act for in-

juries sustained by plaintiff in a fight in a tavern operated by defendant Timco.

Plaintiff, as the only occurrence witness in his behalf, testified that he was injured by three intoxicated persons. The bartender, Knight—one of plaintiff's assailants, four policemen and Timco, witnesses for defendants, testified that none of the persons fighting plaintiff were intoxicated. Defendants contend that the verdict of guilty, which necessarily included the finding that the men who injured plaintiff were intoxicated, is against the manifest weight of the evidence.

Plaintiff, a steel worker, quit work around 11:30 p. m. on January 29, 1941; after going to his boarding house he went out for a sandwich and arrived at Timco's tavern at 7515 or 19 Cottage Grove avenue about 1:30 a. m. on the 30th; over a period of an hour and a half he had one whiskey and about three beers. It is not claimed that he was intoxicated. The witness Patrick Knight, his brother John and brother-in-law Dominick Daniels, cab drivers, arrived at the tavern between 2 and 2:30 a. m. They had finished their work at about 1 o'clock and, according to Knight, had nothing to drink before arriving at Timco's place. Knight further testified that they had one beer and had ordered a second but had not drunk it before the fight started. The bartender says that beer is all they had to drink—approximately three rounds. Plaintiff's testimony as to the drinks served them is somewhat confusing. He testified that he saw them have one whiskey and three or four beers; that he did not see them have anything but the whiskey; that they had whiskey and beer but would not say how many. He further testified that the three were singing, and one went around the bar to play the drum in the orchestra. Plaintiff testified that he was assaulted by four persons; that three were intoxicated and the fourth sober. No other witness mentioned more than three persons. Knight testified that only he, his brother and brother-

in-law beat the plaintiff. Plaintiff testified that he was sitting near the back end of the bar when each of the three intoxicated men in turn came up to him, inquired why he was patronizing the place and stated that they did not like it and were going to "take it over" and that plaintiff should go along with them; that one wanted to buy him a drink; that the first two were friendly to him but the third was threatening; that the four were then gathered around him and he picked up a stool but did not throw it; that he ran to the washroom, where the four followed, broke the panel of the door and beat him; that they left the tavern before the police arrived.

Knight testified that the plaintiff asked them to buy a drink and on their refusal threw the stool and hit his brother-in-law; that plaintiff then ran to the washroom, where the three followed and beat him; that they remained until the arrival of the police. The bartender testified that his attention was directed by the thud of the thrown stool, which lay on the floor near the man it hit; that the three men followed plaintiff to the washroom. The bartender, the four police officers and Timco all testified that the three assailants remained until the police came. The police say that none of the persons involved wanted to swear out a complaint; that they made no arrest but took plaintiff to the hospital in the squad car.

John Knight was in the army and Daniels sick at the time of the trial. None of the three members of the orchestra nor the dicegirl, who were in the tavern, were called as witnesses. Timco testified that he could not get the names of the persons in the orchestra and could not locate the dicegirl.

Defendants argue that the weight of plaintiff's testimony is greatly lessened by his exaggerated statements as to his earnings prior to his injury. There seems to be a variance between plaintiff's testimony and the statement of his earnings received in evidence.

The witness was testifying more than 18 months after the occurrence and it was mainly a question for the jury and the trial court as to whether he was wilfully testifying falsely.

The evidence is in direct conflict. The testimony of one side is untrue, if not deliberately false. There is nothing inherently improbable in the testimony of the plaintiff. If the fight happened as he says it did it is a fair inference that his assailants were drunk. He is vitally interested in the outcome of the suit. Defendant Timco is equally interested, and Knight and the bartender, witnesses for defendant, have a lesser interest. The policemen do not appear to have made any serious effort to ascertain whether or not the assailants were intoxicated. The jury were the judges of the credibility of the witnesses. They accepted plaintiff's testimony and rejected that on behalf of defendants. The trial court, who saw the witnesses and heard them testify, has approved the verdict. The jury and the trial court were in a better position to judge of the truth of the testimony than is this court. We cannot say that the verdict is manifestly against the weight of the evidence.

Plaintiff testified that after John Knight had gone around the bar to the orchestra and played the drum he talked with plaintiff and said, "Are we stiff?" Objection and a motion to strike the remark were made and overruled. No objection to other parts of conversations between plaintiff and the Knights and Daniels is argued. Defendants rely principally upon the case of *Lake Erie & W. Ry. Co. v. Zoffinger*, 107 Ill. 199. That was .an action for personal injuries sustained at a street crossing. Defendant sought to prove that the plaintiff was intoxicated; it called a witness who saw him in a saloon and testified that he thought the plaintiff was drunk; the defendant also offered to prove by the witness that the plaintiff had asked for more liquor and that the bartender had said,

"No, you have enough." The Supreme Court held that this testimony was not admissible to prove the plaintiff's intoxication. That case bears no analogy to the present case. There intoxication was to be proved by testimony stating the opinion of a third person. Here the intoxication of the Knights and Daniels is a material issue. That intoxication must be determined by their condition as evidenced by their appearance and what they did and said. Therefore, the conversation was properly admissible and the presence or absence of Timco was wholly immaterial. The remark was not an admission of intoxication conclusive upon defendants, but a circumstance or incident to be considered by the jury with all the other evidence in determining the question of intoxication, the same as the conduct of the Knights and Daniels in singing and playing the drum, to which no objection is made. If the defendants thought that the jury might have an erroneous impression of the effect of the statement they could have asked for an instruction limiting its effect. These conversations between plaintiff and his assailants were also admissible upon the question of who was the aggressor in the fight.

The judgment of the superior court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.