Wayne Matkins, Plaintiff-Appellant, v. (Carl Gaertner), Steve Fenorsky, George Fenorsky, and Anna Fenorsky, Defendants-Appellees.

Term No. 52–M–1.

Opinion filed October 1, 1952. Released for publication November 13, 1952.

JAMES O. MONROE, JR., of Collinsville, MANUEL WISEMAN, of Alton, and FRANCIS SAGE, of Kalamazoo, Michigan, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment entered by the circuit court of Madison county in favor of appellees, Steve Fenorsky, George Fenorsky, and Anna Fenorsky (hereinafter collectively called defendants on appeal), and as against appellant, Wayne Matkins (hereinafter called plaintiff). Nonsuit was taken against defendant Gaertner before the trial and he is not a party on appeal at this time.

The instant case proceeded to a trial on count two of the complaint, which charged that the defendants were respectively the owner and operator of a tavern, and owners of the premises, and that on December 7, 1948 Carl Gaertner was sold or furnished intoxicating liquors in the tavern, which caused the intoxication in whole or in part of said Gaertner, and that by reason thereof and as a direct and proximate result of the intoxication Gaertner struck and injured plaintiff with his automobile.

The facts as disclosed by the record show that Gaertner, who was then twenty years of age (and against whom suit was dismissed just before the trial commenced), had picked up a lady friend in his automobile and had gone to the Wedge Cafe operated by defendant, Steve Fenorsky. While Gaertner was at the tavern he drank three bottles of beer between the hours of 11:00 p. m. and 12:00 midnight. He left the tavern at about midnight and drove to a certain location where he parked and talked to his companion for a little over three hours, until she boarded a bus. He then drove back along route 40 and by-pass 40, about twelve miles out of downtown East St. Louis. There is a four-lane highway approaching the intersection of route 40, and as the intersection merges, at that point it becomes an eight-lane highway with the lanes divided by black lines. Gaertner became confused by all the black lines and took neither of the four lanes into Collinsville, but drove up over the curb of a traffic island, knocked down the traffic signs, and struck plaintiff Matkins, throwing him to the highway. Matkins was severely injured and suffered a brain concussion, a fracture of both the left and right wrists, and an aggravated fracture of the left leg. As a result of his injuries his left leg was amputated just above the knee and he thereafter was required to use an artificial limb.

The basic issue in the case was whether or not Gaertner was actually intoxicated. Gaertner testified that he started feeling "groggy" after he left the tavern. He was slow in moving, and felt heavy all over, and he did not feel this way before he had the beer. He still felt groggy when he reached the point of the accident. There was evidence of state policemen who saw Gaertner after the accident that Gaertner's reactions, in the opinion of the state policemen, were normal and that he did not smell of liquor.

The cause was tried before a jury. Ruling on a motion for directed verdict at the close of all the evidence was reserved by the court, and a verdict of the jury in favor of plaintiff and as against defendants was returned in the sum of $12,600, and thereafter defendants filed a motion for judgment notwithstanding the verdict, and in the alternative, for a new trial. The trial court granted the defendants' motion for judgment notwithstanding the verdict and entered judgment in favor of defendants, and in the event judgment was reversed, likewise granted the motion for a new trial. The court specifically stated that the verdict was against the manifest weight of the evidence and based on passion, prejudice, and sympathy.

██ ██ The basic issues raised in this case were, whether or not there was proof of intoxication sufficient to allow plaintiff to recover, and whether the court below was justified in entering judgment notwithstanding the verdict, and also in ordering a new trial. The question of the intoxication of a person involved in a Dram Shop Act proceeding is ordinarily a question of fact for the jury, if there is evidence on the subject, and it is the peculiar province of the jury to decide from all the evidence where the truth lay (*Tipton v. Schuler,* 87 Ill. App. 517; *Suppe v. Sako,* 311 Ill. App. 459; *Cox v. Hrasky,* 318 Ill. App. 287). Proof of such intoxication may be made by direct testimony (*Storz v. Timco,* 320 Ill. App. 345).

 In the case before us Gaertner stated he was groggy; that he started feeling groggy after drinking the beer; and that the groggy condition continued up to the time of the accident. There was thus evidence on the issue of intoxication which was sufficient to allow the case to go before the jury, and the granting of a motion for directed verdict on the ground of failure to show intoxication would not have been proper, nor was it proper to enter judgment notwithstanding the

verdict (*Osborn v. Lueffgen,* 381 Ill. 295). The evidence, however, that a period of nearly four hours had passed and that the state policemen did not observe any drunkenness, were matters which were properly considered by the trial court in determining the question of granting a new trial. The granting or refusing of a new trial is within the discretion of the trial court. In the light of the evidence in the record on the issue of intoxication, in determining the manifest weight of the evidence, we cannot say on appeal that the trial court abused its discretion in ordering such new trial (*Bugdoian v. Union Trust Co. of East St. Louis,* 337 Ill. App. 405, 413). The trial court had certain opportunities which the court on appeal does not have in observing the appearance of the witnesses and their manner of testifying. In absence of an affirmative showing of a clear abuse of the discretion of the trial court in granting the motion for a new trial, the court on appeal should sustain such order (*Gavin v. Keter,* 278 Ill. App. 308).

The order of the circuit court of Madison county entering judgment for defendants-appellees notwithstanding the verdict is, therefore, reversed and this cause is remanded to the circuit court of Madison county for a new trial in accordance with the order of said court granting such new trial.

*Reversed in part and affirmed in part, and remanded.*

BARDENS, J. and SCHEINEMAN, J., concur.