Alfred Warren, Plaintiff-Appellant, v. Roy Patton, Defendant-Appellee.

Term No. 53-O-15.

Opinion filed February 24, 1954. Rehearing denied and modified opinion filed May 24, 1954. Released for publication May 25, 1954.

LEONARD J. DUNN, of West Frankfort, for appellant.

AUGUST L. FOWLER, of Marion, and MARION M. HART, of Benton, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Alfred Warren, brought this action for personal injuries received through the alleged negligence of persons driving and operating a horse-drawn scavenger wagon, on a black-top public highway at night. The team was being driven by employees of defendant, Roy Patton, who was engaged in hauling refuse for the City of West Frankfort, to a dump north of the city limits. The plaintiff was driving his car southward toward West Frankfort on a warm summer night, with the windows open and his left arm resting on the sill, the left elbow protruding slightly outside the window.

In meeting and passing the horses, some portion of the harness or equipment caught plaintiff's arm, twisting it about his neck, and causing severe injuries. He was hospitalized for some time, and in the process of surgery, a part of the tibia of plaintiff's left leg was removed and used for a bone graft in his arm. Later, while plaintiff was walking in the hospital, his left leg broke at the weakened place.

The case has been tried twice. Originally, the City of West Frankfort was a co-defendant, but was dis-

missed by the court at the first trial. The jury returned a verdict for $15,000 against defendant, Roy Patton, but the latter's motion for a new trial was allowed.

Plaintiff's arm had not responded to treatment, and, prior to the second trial, he underwent further hospitalization and complicated surgery. The first attempted bone graft had failed, it was removed and a second made by taking a piece of bone from the hip. Permanent injuries are indicated. On the second trial, plaintiff received a verdict for $22,500. The defendant moved for judgment notwithstanding the verdict, and for a new trial, both motions were allowed and judgment entered, from which this appeal followed.

 In passing upon the motion for judgment notwithstanding the verdict, all evidence favorable to plaintiff on the issues involved should be considered as true, and if that evidence and the reasonable inferences therefrom sustain the plaintiff's case, the motion should be denied. *Lindroth v. Walgreen Co.*, 407 Ill. 121; *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300; *Thomason v. Chicago Motor Coach Co.*, 292 Ill. App. 104.

Plaintiff testified that he was driving well on his side of the pavement, that he was looking ahead but saw no lights until the moment of impact, when he saw two lights like lanterns. The men on the wagon seat were wearing carbide lamps on their caps. These consisted of small reflectors backing a carbide flame in the open air, where the flame would be affected by wind, and by the turning of heads. One of the lamps was in evidence for inspection by the jury.

There were no other lights on the front of the wagon, except that one of the men said he had a hand flashlight. On the back of the wagon there was another light affixed so that it projected 8½ inches from the

box. There was some question whether this light could have been visible from the front. A picture of the wagon in evidence shows the double trees projecting wider than the box, so that the horse on that side could easily obscure the lamp when viewed from the front, especially if he were pulling wide in the harness.

Thus the testimony by plaintiff makes it appear reasonable that the lighting on the wagon was greatly inferior to the lights normally used on vehicles at night. The jury might properly find that the lights failed to meet the requirement of the law, and were so inadequate as to make it negligent to operate in that manner. There also arises an inference that the horse was pulling wide, or at least was in position to fling part of the harness in the path of the oncoming vehicle, since plaintiff claims to have been well in his own lane.

Plaintiff is corroborated by another witness, Maddox, who drove south on the same road the same night. He met the wagon at a place near a railroad trestle, identified as a few hundred feet south of the point of the collision, so that this meeting must have been a short time before plaintiff was injured. Maddox testified that he saw an approaching car turn into his lane and then back again, as if it had gone around some object. When the car passed he put on his bright lights, and slowing down, looked for the object. He saw no lights and did not discover the wagon until he was practically upon it, and found it crowding him.

From the foregoing, it seems clear that the evidence was sufficient to take the case to the jury on the question of defendant's negligence. At the same time, if defendant was negligent in failing to provide adequate light, then it is reasonable to find plaintiff was not guilty of contributory negligence for failure to see the inadequate light.

177

 ` Whether a person driving at night on a straight highway should, by the use of ordinary care, see. in the light of his own headlights, a dark or inadequately lighted object, is clearly a question for the jury.

The question remains whether plaintiff should be deemed negligent as a matter of law, for riding with his arm on the window ledge. Obviously, there is some danger in this practice, but it is not apt to result in harm if there is a reasonable space maintained between vehicles meeting on the road. The extent of the danger will vary according to visible conditions and with what a reasonable man might be required to anticipate.

 Whether a plaintiff is guilty of contributory negligence is normally a question of fact for the jury, in the light of all the evidence. It becomes a question of law only when it appears under the facts in evidence, and the reasonable inferences therefrom, that all reasonable minds would reach the conclusion that plaintiff had failed to use due care for his own safety. *Miller v. Vancil*, 339 Ill. App. 1. In our opinion this case does not meet that test and the trial judge erred in entering judgment notwithstanding the verdict.

As to the order for new trial, it is indicated by the trial judge that he was much dissatisfied with the evidence, and also felt that he had made some erroneous rulings which contributed to the result. The testimony for the defense is not here detailed, except to say that plaintiff was contradicted in important items. The wagon driver, and police officers, testified to marks on the pavement and other factors. The trial judge regarded the testimony of Maddox as impeached and not to be given credit.

 ` The supposed errors in legal rulings do not appear to have been such as would move this court to reverse, and if there were no other reasons for the new

trial, it might appear to have been improvidently granted. However, on the question of the evidence, the trial judge must be accorded considerable discretion, and his judgment is accorded greater latitude than on questions of law. *Loucks v. Pierce,* 341 Ill. App. 253.

Because he has seen and heard the witnesses, observed their hesitations, noted all the conduct of the trial and the effect on the jury, the trial judge is in a better position than a court of review to weigh the evidence and consider the possibility of prejudice having influenced the jury. His decision is subject to review, but it is commonly said that it will not be reversed except for a clear abuse of discretion. *Gavin v. Keter,* 278 Ill. App. 308; *In re Estate of Velie,* 318 Ill. App. 550; *Chapman v. Baltimore & O. R. Co.,* 340 Ill. App. 475; *Matkins v. Fenorsky,* 348 Ill. App. 125.

When two juries in successive trials have arrived at consistent verdicts, a court of review is more reluctant to order a new trial. *Illinois Cent. R. Co. v. Schmitt,* 100 Ill. App. 490; *Silberman v. Washington Nat. Ins. Co.,* 329 Ill. App. 448; *Goldstein v. Metropolitan Ins. Co.,* 324 Ill. App. 168. However, it will be presumed that the trial judge was aware of the two verdicts and gave them consideration; and there is no inflexible rule that a second verdict must be allowed to stand. *Wayne v. Freeport Motor Casualty Co.,* 329 Ill. App. 185.

Considering all of the conflicting evidence, and other factors in this case, we are unable to say that there was an abuse of discretion. Accordingly the allowance of the motion for new trial is affirmed. The judgment notwithstanding the verdict is reversed and the cause remanded to proceed with a new trial as allowed by the court.

*Affirmed in part, reversed in part, and remanded.*

BARDENS and CULBERTSON, JJ., concur.

MODIFIED OPINION ON PETITION FOR REHEARING

By his petition for rehearing, the defendant again has urged that the court properly directed a verdict for defendant on the question of contributory negligence. Previously we had assumed that, of the several points argued, greater reliance was placed on the position of plaintiff's arm. The petition for rehearing makes it clear that defendant's principal point is: That plaintiff's headlights illuminated the highway for a distance of 400 to 500 feet ahead, and that he should have seen the wagon if he was awake and looking.

Reference is made to the doctrine that the law does not countenance the anomaly of one professing to look and not seeing that which is clearly visible. Statements to that effect often appear in railroad-crossing cases, and others, wherein a large object is before the plaintiff's eyes in a known place of danger and in broad daylight.

Some of the cases frequently cited on this subject are *Greenwald v. Baltimore & O. R. Co.*, 332 Ill. 627; *Dee v. City of Peru*, 343 Ill. 36; and *Grubb v. Illinois Terminal Co.*, 366 Ill. 330. In all of them the opinion refers to the time of the occurrence as being in broad daylight.

There can be no doubt that the headlights of a car have illuminating effects on objects within their range. But the proposition that this may be regarded as equivalent to daylight, and that the small amount of light reflected back from a dark object will, as a matter of law, make it clearly visible, must be approached with some caution.

The principal case relied upon by the defense is *Sumner v. Griswold*, 338 Ill. App. 190, in which the plaintiff overtook a team and wagon being driven at night on the shoulder of the road. The court held there

180

was no proof of negligence of the defendant, and added that plaintiff's contributory negligence would bar recovery anyway. In concluding that the wagon was "clearly visible" in the beam of plaintiff's own headlights (even though there was some fog and mist) the court seems to have been moved by the fact that the road was level for 1,000 feet ahead, and that 5 passing motorists had no difficulty in seeing the wagon.

In the present case the only testimony as to visibility of the wagon was to the effect it could not be seen until a motorist was right up to it. There was also testimony that the black roadway was upgrade behind the wagon as the motorist approached. Against this dark background, the evidence indicates the object itself had nothing reflective about it.

Conceding the possibility of applying the "clearly visible" doctrine to an unlighted vehicle at night, it would be carrying that doctrine to unwarranted lengths in applying it in this case. It would mean that in the case of a head-on collision at night between a lighted and unlighted vehicle, the latter encroaching in the wrong traffic lane, the driver of the lighted vehicle would always be barred from claiming damages in a civil suit.

In the following cases similar contentions were made under various conditions: *Miller v. Burch,* 254 Ill. App. 387; *Moyer v. Vaughn's Seed Store,* 242 Ill. App. 308; *Weding v. Kroger Grocery & Baking Co.,* 282 Ill. App. 370; *Budds v. Keeshin Motor Express Co., Inc.,* 326 Ill. App. 59; *Russel v. Consolidated Forwarding Corp., Inc.,* 330 Ill. App. 529; *Quirk v. Schramm,* 333 Ill. App. 293.

All of the above cases involved collisions at night, and the claim was made that the plaintiff was guilty of contributory negligence as a matter of law for failure to see the other vehicle by his own lights, in

time to avoid a collision. In all of them the court held the question of contributory negligence was for the jury.

In some of the nighttime cases, the courts suggest that the failure to see the dark vehicle is partly due to it being so unexpected. In the *Miller v. Burch* case the court said: "If a person has no reason to suspect danger, he is not required to look for it." This presents an obvious distinction from the railroad-crossing cases, where the object is not only clearly visible, but danger is to be expected.

However, to the extent that our opinion may have indicated that the "clearly visible" doctrine could never be applied at night, the opinion is modified to apply only under the evidence in this case. It may have been possible for plaintiff to see the defendant's vehicle by plaintiff's own lights, but under the circumstances of this case, it cannot be said that all reasonable minds would agree failure to see it conclusively establishes contributory negligence. Accordingly the petition for rehearing is denied.

*Opinion modified and rehearing denied.*