Robert A. Summers, Individually and as Administrator of the Estate of William L. Summers, Deceased, Plaintiff-Appellant, v. Rosemary Hopwood, Defendant-Appelllee.

Gen. No. 11,178.

Fourth District.

July 30, 1970.

Asher O. Geisler, of Decatur, for appellant.

Hull, Armstrong & Campbell, of Decatur (Wayne E. Armstrong, of counsel), for appellee.

TRAPP, J.

Plaintiff appeals from judgments for the defendant entered after jury verdicts upon his respective claims as administrator for the wrongful death of his son, William, and his individual action for funeral expenses for the son.

Upon appeal plaintiffs contend that the judgments should be reversed and that judgments be entered for the plaintiff with a trial on the issue of damages only, or in the alternative, that a new trial should be granted by reason of the errors occurring.

There is no real conflict in the evidence. Decedent, aged 14 years, left a bowling alley between 8:30 and 9:00 p. m. on March 9, 1967, and the injury occurred while he was walking north on Brett Avenue to his home about three blocks distant.

Brett Avenue is a blacktop road about 19 feet wide, unlighted, with no sidewalks on either side. It is outside the City of Decatur. There are no speed signs.

The shoulder on the east side—about 4 feet wide—is wider than the shoulder on the west side. A witness, Snyder, who resided on the street, testified that most children walk on the east side. The evening was dark and clear, there being no moonlight or artificial light.

Defendant was driving a 1962 Chevrolet north on Brett Avenue on her way home some time after 8:30 p. m. in the evening when she struck something which hit the windshield and went over the car. Defendant immediately applied her brakes and stopped. In her judgment, she was travelling 30 miles per hour at the time of impact, although she told the sheriff's deputy she could have been travelling 35 to 40 miles per hour. Defendant then drove around the corner, stopped at the house of John Snyder and advised him that she had struck a boy. She said her lights were out after the accident and she couldn't see. Mr. Snyder took a flashlight down to the place and found the body of the boy completely off the road on the east side, face up, with his head south and his feet north. The boy had dark trousers and a dark jacket, and his hands were in his pockets.

Defendant states that her lights were on prior to the impact, that she was driving near the left center of the road, and that she did not see the boy before he was struck. She said she was keeping a careful lookout ahead. She had lived in the area five months and drove down Brett Avenue frequently. She had seen people walking down this street during night hours.

A sheriff's deputy testified that there were two skid marks about 28 feet in length which started parallel to where the boy's body was found and proceeded north. The skid mark farthest east was 3 feet from the edge of the pavement, and the marks proceeded northwest to a point where the left skidmark was 2½ to 3 feet from the west side of the pavement. At the scene he found a dark plaid corduroy hat. After the accident,

the sheriff's deputy tested defendant's headlights and found that the left ones were working and the right ones smashed. The road surface was dry but the shoulders on either side were wet.

Several witnesses testified that the boy was athletic, healthy, a good student and possessed of careful habits.

Initially, the jury were given four forms of verdict prepared by plaintiff: Form A found for the individual plaintiff for family expense; Form B for the plaintiff administrator; Form C found for the defendant as to the plaintiff's individual claim; and Form D found for the defendant as to the administrator's claim. At the instructions conference, the trial court questioned giving so many forms of verdict as liable to cause confusion.

The jury responded to a special interrogatory, "Do you find that the decedent was contributorily negligent?", with the answer "No." It also returned verdict Form D, which found in favor of the defendant and against the plaintiff as administrator. The court advised the jury that they had returned a verdict in only one case, and that they must decide both cases and instructed them to retire with the forms of verdict for further deliberation.

While the record does not specifically indicate the time, it does show that sometime thereafter the jury sent a written question to the court, "Must our decision be either C and D or A and B, or can it be a combination?" The court did not respond to the inquiry. Thereafter, the jury returned with verdict Form A, finding in favor of the plaintiff individually and against the defendant in the amount of $2,500, and Form D which again found for the defendant upon plaintiff's claim as administrator.

The court and counsel considered such verdicts inconsistent and the court proposed and prepared new forms of verdict. Plaintiff's attorney objected on the ground

that the special interrogatory controlled and that such amounted to a finding of guilty so that he was entitled to a trial on damages only. Defendant's attorney moved for a mistrial but almost immediately withdrew the motion. Plaintiff's attorney then moved for a mistrial, and such was denied.

The new forms of verdict prepared by the court have been called a "combined" verdict form. One of the new forms provided for holding in favor of the plaintiff upon each of his claims which were stated separately, and each provided a blank for the filling in of the amount of damages as to each claim. The court filled in the amount of plaintiff's individual damages in the sum of $1,560.95, being the precise amount of expenses proven. This form left blank the amount of plaintiff's damages as administrator. Upon another page were forms of verdict in favor of the defendant as to each claim of the plaintiff.

Defendant's attorney moved the court to resubmit the special interrogatory. Such motion was denied. The court advised the jury that the verdicts returned were inconsistent and requested the jury to retire with the new verdicts but without submitting the special interrogatory. There were no written instructions regarding the new forms of verdict. The jury returned with a final verdict in favor of the defendant as to each claim of the plaintiff, individually and as administrator.

■■ Plaintiff contends that the jury's response to the special interrogatory upon the issue of decedent's contributory negligence is conclusive of the issue of liability. The several authorities cited do not require this conclusion. In Wise v. Wise, 22 Ill App2d 54, 159 NE2d 500, a special finding that the driver was not guilty of willful and wanton conduct was clearly inconsistent with and controlling against a general verdict for the guest plaintiff. Here the three items which plaintiff

must establish include defendant's negligence, decedent's freedom from contributory negligence and the proximate causal relation between defendant's negligence and decedent's death. The answer to the special interrogatory controlled only the first issue. See Rapp v. Hiemenz, 107 Ill App2d 382, 246 NE2d 77. The cited Waldron v. Hardwick, 99 Ill App2d 36, 240 NE2d 772, is not persuasive for there the plaintiff was held guilty of contributory negligence as a matter of law.

■ Upon the issue of defendant's negligence, there are numerous inferences which the jury might draw from the facts which would lead to the conclusion that plaintiff had failed to prove the defendant guilty of negligence. In McInturff v. Chicago Title & Trust Co., 102 Ill App2d 39, 243 NE2d 657, the court pointed out that no inference of negligence necessarily arises from the mere happening of an injury. Defendant testified as to keeping a lookout, but that she never saw the decedent. The evidence is that it was a dark night, that decedent was wearing dark clothing and was found on the shoulder of the road with his hands in his pockets. The only positive evidence is that the car travelled no closer to the shoulder than 3 feet. Such facts justify inferences by the jury that the boy was on the paved portion of the road when struck. It is not unreasonable for the jury to conclude that the failure of defendant to see decedent could have resulted from the combination of the dark night, dark clothing and the boy crossing or being upon the road. The possible inferences from the facts which would account for the injury without negligence of the defendant were matters for the jury. Lowe v. Gray, 39 Ill App2d 345, 188 NE2d 890. This conclusion is not necessarily inconsistent with the jury's finding that the boy was not negligent. They were instructed that the decedent's duty of care was that consistent with a youth of his age. The determination

of decedent's duty of care would not establish negligence on the part of the defendant. As cited in Warren v. Patton, 2 Ill App2d 173, 119 NE2d 465:

"Whether a person driving at night on a straight highway should by the use of ordinary care, see in the light of his own headlights, a dark or inadequately lighted object, is clearly a question for the jury."

■ Plaintiff next contends that the court erred in using the so-called "combined" form of verdict when there were two separate counts, citing chapter 110, § 68(3), Ill Rev Stats 1967. In Magnani v. Trogi, 70 Ill App2d 216, 218 NE2d 21, the jury returned a verdict in one amount so that the award for family expenses could not be separated from the wrongful death award. In Einfeldt v. Watkins, 6 Ill App2d 205, 126 NE2d 864, the principles of law applicable to the different counts were not the same. In Madison v. Wigal, 18 Ill App2d 564, 153 NE2d 90, there were counts for both willful and wanton conduct and for ordinary negligence. Here, the principles relating to liability were identical, for there was no issue of plaintiff's individual contributory negligence. The forms of verdict provided that the jury determine separate amounts for each claim of the plaintiff. It is not properly said, therefore, that the forms of verdict were combined in the sense that a single amount would be awarded by the jury for each claim of plaintiff.

■ Plaintiff further contends that the court erred in instructing the jury after it had retired to deliberate, citing Mathes v. Basso, 104 Ill App2d 237, 244 NE2d 362. There the court erroneously advised the jury that the answer to the special interrogatory should conform to the verdict, whereas the law is that in case of irreconcilable conflict the answer to the special interrogatory controls. In The People v. Brothers, 347 Ill 530,

448

180 NE 442, it was held that withdrawing a form of verdict erroneously submitted was not reversible error. In Emme v. Pennsylvania R. Co., 29 Ill App2d 97, 172 NE2d 507, it was held that there was no error in answering the question whether the verdict must be unanimous. In Miller v. Pillsbury Co., 56 Ill App2d 403, 206 NE2d 272, it was held not to be error to advise the jury that inconsistent verdicts could not stand, but required reconsideration of the jury.

 Plaintiff next contends that it was error to fill in the form of verdict for plaintiff's claim for funeral expense. The cited authorities do not support this position. While it would have been better practice to leave the amount blank, upon this record the amount favored the plaintiff. The practice would actually tend to prejudice the defendant, and the verdict in favor of the defendant renders the question moot.

 The total record clearly points out that the jury repeatedly found for the defendant upon the issue of wrongful death. The question submitted by the jury was directed to the necessity of consistent verdicts upon the two claims of the plaintiff. Upon the final submission of the forms of verdict prepared by the court, the jury persisted in its findings for the defendant. Such circumstance does not persuade that the verdict should be reversed because the jury acted in confusion or in uncertainty.

 Plaintiff contends that defendant's Instruction No. 4 referred to plaintiff's individual claim as being for:

> ". . . funeral and burial expense, ambulance service, and other expenses resulting from the death of the decedent . . . ,"

invited the jury to speculate on matters not in evidence. The jury was instructed in plaintiff's Instruction No. 21 that recovery should be for funeral and burial expense. We find it difficult to determine that prejudice resulted

449

to plaintiff's case from the giving of defendant's instruction to the jury.

The judgment of the Circuit Court is affirmed.

Affirmed.

SMITH, P. J. and RICHARDS, J., concur.