KAREN KRAUSE, Plaintiff-Appellant, *v.* RAYMOND HENKER, Defendant-Appellee.

(No. 54006;

First District—May 5, 1972.

James A. Dooley and Clare J. Murphy, both of Chicago, for appellant.

Hubbard, Hubbard, O'Brien & Hall, of Chicago, (Alvin G. Hubbard, George S. Miller, and Frederick W. Temple, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff brings this appeal from a judgment entered on a jury verdict in favor of defendant in a suit for damages for personal injury.*

The facts are as follows: On February 24, 1958, between 5:45 and 6:00 P.M., plaintiff was struck by defendant's car, sustaining a concussion and multiple fractures of the left leg. The accident occurred in Glenview, Illinois, on Greenwood Street, a through highway which runs north and

---

\* At a prior trial there had been a $5,000 judgment for plaintiff, but, on plaintiff's post-trial motion, a new trial was granted.

south, near its intersection with Thornberry Street, which runs from the west and stops at Greenwood, forming a "T" intersection. Greenwood is a black top, two-lane street, about 20 feet wide, with a painted center line and a gravel shoulder on either side. There are no sidewalks, and the shoulders are about four feet wide, with the ground sloping down to culverts and then up again to grassy areas in front of the abutting homes. On the evening in question, it was "rather dark" and misty, although it was not raining, and there were no street lights along the road. The traffic was not heavy.

Plaintiff, who was 20 years old at the time of trial, testified that she was 10 years old at the time of the accident. Her home was located on the northwest corner of Greenwood and Thornberry. A girl friend's home was one block north, also on the west side of Greenwood. Plaintiff had walked this friend part way home and was returning to her own home when the accident occurred. She was wearing a bright red plaid dress, but she believed she might have been wearing a coat. She walked south on the shoulder of the right-hand side of Greenwood Street. She could not remember if she had left the shoulder to walk on the road.

Defendant testified that he was driving south on Greenwood at about 30 to 35 miles per hour with his lights on and his windshield wipers working. His lights illuminated both the street and the shoulder for about 200 feet ahead. Up to the time of the impact, he was looking straight ahead, but saw no one walking on the road in front of him. In the moment before the impact, the headlights of an oncoming car blinded him, but he did not slow down. At the time he heard the thud of the impact, his car was fully on the paved portion of the road in the southbound lane. The first indication that he had struck something was when he felt a thump on the right-hand side of the car. He pulled over to the side so his right wheels were then on the shoulder. When he stopped the car and got out, he heard screaming and found plaintiff about 100 feet away. She was lying from east to west, with her feet in the water in the culvert. There was damage to the right front fender of defendant's car. The headlight rim was knocked off, and the fender was dented at that point and also on the right side of the car about two feet back from the light.

Harold Larson, a witness for the defense, testified that he was driving north on Greenwood, and that he saw plaintiff just prior to the impact. She was jogging south on the paved portion of the road with her back to defendant's car. She was wearing dark clothing. He did not see plaintiff being struck, but he heard the impact just as he was passing defendant's car.

After each side had rested, plaintiff's motion for a directed verdict was

denied, and the case was sent to the jury. A verdict was rendered for defendant, and judgment was entered thereon. Plaintiff's post-trial motion for judgment notwithstanding the verdict was denied.

Plaintiff bases her appeal on three contentions: (1) Defendant was negligent as a matter of law, thereby entitling plaintiff to a directed verdict or a judgment notwithstanding the verdict; (2) the trial court erred in giving certain instructions concerning the standard of care attributable to a minor plaintiff; and (3) the verdict was against the manifest weight of the evidence.

■■ Plaintiff first contends that she is entitled to a directed verdict or a judgment notwithstanding the verdict on the issue of defendant's negligence, since the facts show that defendant was negligent as a matter of law. Under the *Pedrick* rule, a directed verdict or judgment notwithstanding the verdict should be entered only when all the evidence viewed in its aspect most favorable to the opponent of the motion so overwhelmingly favors the movant, that a contrary verdict could never stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-514.

■■ Plaintiff's evidence was that on a misty February evening she was wearing a red plaid dress, over which she might have been wearing a coat, and was walking on the shoulder about two feet off the road when she was struck by defendant's car. Defendant's evidence was that he was driving at moderate speed on a dark, misty night, along a road which had no street lights. Plaintiff, wearing dark clothing, was jogging on the paved portion of the road, with her back to defendant's car, and defendant, looking ahead, did not see her until after the impact, even though his headlights illuminated the road and shoulder for 200 feet in front of him. Applying the *Pedrick* rule, we cannot conclude that this evidence, when viewed in its aspect most favorable to defendant, so overwhelmingly favors plaintiff that the verdict for defendant could not stand. Contrariwise, we believe that this evidence presents a rather classic case of a jury question.

■■ However, plaintiff claims that even if all defense testimony is believed, there is still no explanation for defendant's conduct in striking plaintiff, and that defendant's lack of concern for persons ahead of him, whether on the shoulder or on the road, is negligence as a matter of law. Plaintiff bases this argument on several cases which cite the rule that a defendant cannot look with an unseeing eye and be absolved of the charge of negligence by asserting that he looked but did not see. (*Payne v. Kingsley*, 59 Ill.App.2d 245, 250, 207 N.E.2d 177, 179.) This doctrine, however, is applicable to cases involving accidents which occur in

broad daylight or other well-lighted conditions, or with respect to well-lighted objects, since the heart of the rule is dependent upon a claim of not seeing a clearly visible object. Under the weather and lighting conditions in the instant case, the doctrine therefore appears to us to be inapplicable. See *Summers v. Hopwood,* 125 Ill.App.2d 441, 261 N.E.2d 36, a case involving facts remarkably similar to those now before us. See also *Warren v. Patton,* 2 Ill.App.2d 173, 119 N.E.2d 465, which ruled out negligence as a matter of law and let a jury verdict stand.

Plaintiff's next contention is that the trial judge erred in giving two instructions to the jury. The first, defendant's instruction No. 7, is as follows:

"It was the duty of the plaintiff, before and at the time of the occurrence, to use ordinary care for her own safety."

The second, defendant's instruction No. 12, reads in part:

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party failed to exercise ordinary care before and at the time of the occurrence."

Plaintiff's objections are: (1) That there was no evidence of contributory negligence on plaintiff's part; (2) that the instructions applied to the conduct of adults rather than to the conduct of minors; and (3) that it was misleading to give defendant's instruction No. 7, *supra,* in conjunction with another instruction which had been given on the standard of ordinary care for a minor (defendant's instruction No. 2).

■■ The evidence that the night was dark and misty, that the highway was not lighted, that plaintiff was wearing dark clothing, and that she was walking on the road with her back to defendant's car, was sufficient to justify instructing the jury on the issue of contributory negligence.

■■■ Plaintiff's assertion that defendant's instruction No. 7, *supra,* could have misled the jury by tending to equate the degree of ordinary care to be exercised by a minor with that degree of care to be exercised by an adult, would appear to have substance when that instruction is set apart, as it is above, and read by itself. But jury instructions must, of course, be considered as a whole, and when defendant's instructions Nos. 7 and 2 are read in that order—as they were to the jury—plaintiff's contention loses its validity. The same answer disposes of plaintiff's point concerning defendant's instruction No. 12 *supra.* The following is the way these instructions were given to the jury, and, as so read, they appear to us unobjectionable, as the term, "ordinary care," in both Nos. 7 and 12 is adequately explained in No. 2:

"* * * [Def. No. 7] It was the duty of plaintiff, before and at the time of the occurrence, to use ordinary care for her own safety.

[Def. No. 2] A minor is not held to the same standard of conduct as an adult. When I use the words 'ordinary care' with respect to plaintiff, I mean that degree of care which a reasonably careful person of the age, mental capacity, and experience of the plaintiff would use under circumstances similar to those shown by the evidence. The law does not say how such a person should act under those circumstances. That is for you to decide.

[Def. No. 4] The rule I have just stated also applies when a minor is charged with having violated a statute.

[Def. No. 12] There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

It is the duty of any person walking along and upon improved highways to keep on the left of the paved portion, or on the left shoulder thereof, and upon meeting a vehicle when walking on the said paved portion to step off to the left.

If you decide that a party violated the statute in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party failed to exercise ordinary care before and at the time of the occurrence."

We note that all of the above instructions are to be found in I.P.I. at numbers 10.03, 10.05, 10.06 and 60.01, respectively.

We are not convinced of any grounds for reversing this judgment and setting aside the jury's considered verdict. The judgment is therefore affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.