JOANN CRANE GRAY, Adm'rx of the Estate of Leroy Crane, Deceased, Plaintiff-Appellant, *v.* RAYMOND J. SCHOTTMILLER, Defendant-Appellee.

(No. 56676;

First District (3rd Division)—March 21, 1974.

A. J. Hardiman, of Hardiman & Lynch, of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is a wrongful death action in which the plaintiff, administratrix of the estate of the decedent, alleged that as a result of an automobile collision the defendant negligently caused the death of the decedent. Although a jury demand was originally filed by the defendant, the case was tried before the trial judge without a jury. At the conclusion of the plaintiff's case, pursuant to the defendant's motion under section 64(5) of the Civil Practice Act for a finding in his favor, the trial judge entered judgment for the defendant.

In this appeal the plaintiff alleges that the trial judge erred in allowing the defendant to withdraw his jury demand immediately prior to trial, and that the trial judge erred in granting judgment for the defendant at the close of plaintiff's case.

We affirm.

The pertinent portions of the record on appeal are as follows: In 1966 the plaintiff filed a multi-count complaint in which she alleged that the instant defendant and a second defendant, one Dan Taylor, had negligently caused the death of the decedent when the three drivers were involved in a three-car accident on the Eisenhower Expressway in Chicago. The complaint also complained of three other defendants in a 'dram shop count'; however, these defendants were dismissed prior to trial. The plaintiff did not file a jury demand when the complaint was filed.

The defendant Schottmiller answered the complaint, denying the allegations of negligence, and, at the same time, filed the appropriate form demanding a trial by jury.

When the case came on for trial the only defendant appearing was the instant defendant. It appears from the record that sometime during the pendency of the action the 'dram shop count' was dismissed and that the plaintiff was unable to serve the defendant Taylor. In any event, the plaintiff voluntarily dismissed Taylor during the trial.

On the first day of trial, before beginning the jury selection, the defendant moved to waive the jury that he had previously demanded. The trial court granted defendant's motion over the plaintiff's objections. The pertinent portions of the evidence adduced at trial came through the testimony of two witnesses; the section 60 examination of the defendant; and an occurrence witness, Roy Helmerson.

The defendant testified that on Sunday, May 8, 1966, at about 5:15 A.M., he was proceeding in an easterly direction on the Eisenhower Expressway. He further testified that on that morning he was driving at a speed of 30 to 35 miles per hour in the most northerly of the three eastbound lanes. At that time of the early morning it was still dark and there was a light rain falling, characterized as "mist", and occasional

patches of fog. He had his headlights on low beam and traffic was described as "light".

As the defendant passed under the Lombard Avenue overpass he saw the decedent's auto stopped with no lights or flares displayed, facing a south-southeast direction, and straddling the northern-most and middle eastbound lanes. (It is apparent from the record that moments before this the decedent's auto had been struck, head on, by an auto driven by Taylor who was proceeding west in the eastbound lanes.) The defendant further testified that in his estimation he was 50 to 70 feet from the decedent's auto when he first saw it. He immediately applied his brakes and swerved to the left in an attempt to avoid hitting the obstructing vehicle. The right front of his car struck the right rear of decedent's. The defendant testified that the accident happened suddenly, in a matter of seconds from the time he saw the defendant's car, and that he did his best to avoid the collision.

Roy Helmerson testified that he too was driving on the Eisenhower Expressway early on the morning of May 8, 1966. Although it was somewhat unclear from his testimony, it appears that he was travelling in the same northern-most, eastbound lane. He was some distance ahead of the defendant when he came upon the decedent's stopped vehicle. He testified that he saw the decedent's unlighted vehicle stopped ahead of him. Helmerson drove to the right and successfully went around the decedent's car without making contact with it. As he passed the decedent's car he saw a head moving inside the car. He further testified that when he was approximately 50 feet past the decedent's car, he heard the explosion which occurred as the defendant struck the decedent's vehicle.

At the conclusion of the plaintiff's case, defendant moved for judgment pursuant to section 64(5) of the Civil Practice Act. The trial judge granted the motion and entered judgment for the defendant and against the plaintiff.

The plaintiff first contends that it was error for the trial court to allow the defendant to withdraw his jury demand immediately prior to trial after the parties had participated in settlement negotiations with the trial judge. The plaintiff argues that because certain frank and open statements concerning liability and damages were made by both counsel and the court during settlement negotiations, the defendant, by waiving demand for a jury, gained a tactical advantage over the plaintiff by having the case heard by a trial judge who "could possibly be influenced" by matters previously discussed.

■■■ Beyond the fact that the plaintiff has not alleged actual prejudice but merely the possibility of prejudice, it has been held that the systematic order of procedure provided for jury demands in section 64 of the

Civil Practice Act will be applied unless the trial court, in its discretion and for good cause shown, allows the plaintiff additional time to file a jury demand pursuant to the provisions of section 59 of the Civil Practice Act and Supreme Court Rule 183. (*Hudson v. Leverenz* (1956), 10 Ill. 2d 87, 139 N.E.2d 255.) Plaintiff cites no cases to support her position and we feel the allegation that the plaintiff was somehow "possibly" prejudiced when she participated in settlement negotiations in the belief that the case would be tried by a jury does not make the required showing of "good cause" that would allow the suspension of the provisions of section 64. (*Smith v. Realcoa Construction Co.* (1973), 13 Ill.App.3d 254, 300 N.E.2d 855.) Therefore, the trial judge did not err in allowing the defendant to waive his jury demand.

The plaintiff also contends that the trial judge erred in granting the defendant judgment at the close of plaintiff's case. The plaintiff argues that the trial judge misconstrued or ignored certain competent evidence which proved a prima facie case against the defendant and that, therefore, the motion should not have been granted.

Ill. Rev. Stat. 1969, ch. 110, par. 64(5) provides:

> "In all cases tried without a jury, defendant may, at the close of plaintiff's case, move for a finding, judgment or decree in his favor. In ruling on the motion the court shall weigh the evidence. If the ruling on the motion is favorable to the defendant, a judgment or decree dismissing the action shall be entered. If the ruling on the motion is adverse to the defendant he may proceed to adduce evidence in support of his defense, in which event the motion is waived."

■■ This provision requires the trial judge, at the close of plaintiff's case, to evaluate the evidence by determining the credibility of the witnesses, reasonable inferences to be drawn from the evidence, and, in general, the weight and quality of the testimony, in order to conclude whether or not the evidence to that point of the trial has made out a prima facie case in favor of plaintiff. (*De Bello v. Checker Taxi Co.* (1972), 8 Ill.App.3d 401, 290 N.E.2d 367.) On appeal, the reviewing court must itself examine the evidence and determine whether or not the trial court erred in deciding the case contrary to the manifest weight of the evidence. *De Bello v. Checker Taxi Co., supra; Bilyeu v. Plant* (1966), 75 Ill.App.2d 109, 220 N.E.2d 513; *Chappell v. Juergens* (1973), 11 Ill.App.3d 469, 297 N.E.2d 270.

We have examined all the evidence and find that the judgment of the trial court was not contrary to the manifest weight of the evidence. The salient evidence in this regard is as follows: the uncontradicted testimony that on the morning of the accident it was still dark, with light rain and

occasional patches of fog; that the decedent's unlighted vehicle was stopped, after having been struck head on by the Taylor vehicle, blocking completely at least one lane of the expressway. At least one vehicle, driven by Helmerson, came upon the decedent's vehicle and was able to drive around it to the right. The uncontradicted testimony of the defendant was that he was travelling at 30 to 35 miles per hour; that he saw the decedent's vehicle when he was 50 to 70 feet from it; that he immediately applied his brakes and swerved to the left. His evasive actions, however, were unsuccessful and he struck the decedent's vehicle resulting in an explosion and fire. The defendant testified that the entire incident occurred in a matter of seconds and that he had done his best to avoid the collision.

No inference of negligence arises from the mere happening of an accident or an injury. (*Summers v. Hopwood* (1970), 125 Ill.App.2d 441, 261 N.E.2d 36.) There are cases where the facts present a chain of circumstances which make an accident unavoidable and there is, therefore, no negligence. (See *Wilson v. Nichols* (1941), 311 Ill.App. 73, 35 N.E.2d 396, where the court affirmed a verdict for the defendant where there was evidence of an icy road condition causing a chain-reaction type collision; and *Threatt v. U.S. Steel Corp.*, 283 F.2d 411 (7th Cir. 1960), where the court held there was ample evidence to show that the plaintiff's injuries were the result of the accident alone when, at a busy intersection, one car stopped suddenly and a multi-car rear end collision occurred.) These principles have also been applied to cases where one vehicle was stopped, blocking following traffic. In *Hoffman v. Wilson* (1965), 60 Ill. App.2d 396, 208 N.E.2d 607, the court affirmed a verdict for defendant, where, at dusk, the defendant struck plaintiff's vehicle in the rear as plaintiff was stopped on the road waiting to make a turn and the defendant testified he applied his brakes as soon as he saw the plaintiff, but was unable to stop on a slippery road.

■■ We find, as apparently the trial court did, that the instant case is similar to those cited above. There was no evidence adduced at trial to contradict the defendant's description of his collision with the decedent's vehicle. This testimony discloses that the defendant, while travelling at a moderate rate of speed under poor visibility conditions, came upon the decedent's unlighted vehicle stopped in the lane in front of him and that he was unable to avoid impact with it. In this regard it has been held that whether a person driving at night on a straight highway should, by use of ordinary care, have seen, in the light of his own headlights, a dark or inadequately lighted object is a question for the trier of fact. *Warren v. Patton* (1954), 2 Ill.App.2d 173, 119 N.E.2d 465; *Summers v. Hopwood* (1970), 125 Ill.App.2d 441, 261 N.E.2d 36.

Although there are some apparent inaccuracies in the trial judge's extemporaneous summary of the testimony of the witnesses, after our own review of the evidence, we find that the decision of the trial court is not contrary to the manifest weight of the evidence.

In view of this holding it is unnecessary for us to consider the question of whether the plaintiff proved, or was required to prove, that the defendant Schottmiller alone proximately caused the death of plaintiff's decedent.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P. J., and MEJDA, J., concur.