NICK VARACALLI, Plaintiff-Appellee, *v.* FREDERICK RUSSELL, Defendant-Appellant.

Fifth District    No. 78-21

Opinion filed December 27, 1978.

G. MORAN, P. J., dissenting.

Mitchell & Brandon, of Carbondale, for appellant.

Harris and Lambert, of Marion, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Frederick Russell, defendant in this cause, appeals from an order of the circuit court of Williamson County granting the plaintiff, Nick Varacalli, a new trial in a personal injury action after the jury had returned a verdict in favor of Russell. This action arose out of personal injuries sustained by Varacalli after being struck by an automobile. At the time of the accident, Varacalli was nine years old, but he was no longer a minor when the case was finally brought to trial, and the complaint was amended to reflect this fact. After a verdict was rendered in favor of Russell, Varacalli filed a post-trial motion seeking a new trial on several grounds, one of which was that the trial court had improperly instructed the jury as to Varacalli's standard of care with respect to contributory negligence. Accepting Varacalli's contention, the trial court granted him a new trial. The sole issue on appeal is whether or not the trial court erred in granting the new trial on the basis of the written instructions submitted to the jury.

Specifically, Varacalli objected to the trial court's acceptance of Defendant's Instruction No. 6 and its rejection of Plaintiff's Instruction Nos. 10 and 11. Defendant's Instruction No. 6, Illinois Pattern Jury Instruction, Civil, No. 21.02 (2d ed. 1971) (hereinafter IPI), stated:

"The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff before and at the time of the occurrence was using ordinary care for his own safety;

Second, that the defendant acted, or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Third, that the plaintiff was injured;

Fourth, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. But, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant."

Plaintiff's Instruction No. 11, modified IPI Civil No. 20.02, which was refused, is as follows:

"The plaintiff, Nick Varacalli, has the burden of proving each of the following propositions:

First, that the plaintiff, Nick Varacalli, before and at the time of the occurrence was using ordinary care for a child of his age, capacity, intelligence and experience for his own safety;

Second, that the defendant, Frederick Russell, acted or failed to act in one of the ways claimed by the plaintiff, Nick Varacalli, as stated to you in these instructions, and that in so acting or failing to act, the defendant, Frederick Russell, was negligent.

Third, that the plaintiff, Nick Varacalli, was injured.

Fourth, that the negligence of the defendant, Frederick Russell, was a proximate cause of the injuries to the plaintiff, Nick Varacalli. -

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff, Nick Varacalli, but, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant, Frederick Russell."

Plaintiff's Instruction No. 10, modified IPI Civil No. 20.01, which was also refused, is as follows:

"The plaintiff, Nick Varacalli, claims he was injured and sustained damage while exercising ordinary care for a child of his age, capacity, intelligence and experience, and that the defendant, Frederick Russell, was negligent in one or more of the following respects:

Drove his vehicle at a rate of speed which was greater than was reasonable and proper with regard to traffic conditions and use of the highway or endangered the safety of any person or property;

Failed to sound his horn when it was reasonably necessary to do so.

Failed to reduce the speed of his vehicle when a special hazard existed with respect to other traffic upon the highway;

Failed to apply his brakes when it was reasonably necessary to do so.

The plaintiff, Nick Varacalli, further claims that one or more of the foregoing was a proximate cause of his injuries. The defendant, Frederick Russell, denies that he did any of the things claimed by the plaintiff, Nick Varacalli, denies that he was negligent, denies that any claimed act or omission on the part of the defendant, Frederick Russell, was a proximate cause of the claimed injuries and denies that the plaintiff, Nick Varacalli, was in the exercise of ordinary care for a child of his age, capacity, intelligence and experience.

The defendant, Frederick Russell, further denies that plaintiff, Nick Varacalli, was injured or sustained damages to the extent claimed."

The jury was given an additional instruction relevant to this issue. Plaintiff's Instruction No. 18, IPI Civil No. 20.01, stated:

"The plaintiff, Nick Varacalli, claims he was injured and sustained damage while exercising ordinary care, and that the defendant, Frederick Russell, was negligent in one or more of the following respects:

Drove his vehicle at a rate of speed which was greater than was reasonable and proper with regard to traffic conditions and use of the highway or endangered the safety of any person or property;

Failed to sound his horn when it was reasonably necessary to do so.

Failed to reduce the speed of his vehicle when a special hazard existed with respect to other traffic upon the highway;

Failed to apply his brakes when it was reasonably necessary to do so.

The plaintiff, Nick Varacalli, further claims that one or more of the foregoing was a proximate cause of his injuries. The defendant, Frederick Russell, denies that he did any of the things claimed by the plaintiff, Nick Varacalli, denies that he was negligent, denies that any claimed act or omission on the part of the defendant, Frederick Russell, was a proximate cause of the claimed injuries and denies that the plaintiff, Nick Varacalli, was in the exercise of ordinary care.

The defendant, Frederick Russell, further denies that plaintiff, Nick Varacalli, was injured or sustained damages to the extent claimed."

The only substantive difference between Instructions Nos. 6 and 18 which were given and Instructions Nos. 10 and 11 which were refused is that the standard of care in the former was "ordinary care for his own

safety," while the standard of care in the latter was "ordinary care for a child of his age, capacity, intelligence and experience for his own safety." However, Plaintiff's Instruction No. 7, IPI Civil No. 10.05, was given to the jury and defined the term "ordinary care" as used in all other instructions as follows:

"A minor is not held to the same standard of conduct as an adult. When I use the words "ordinary care" with respect to the plaintiff, Nick Varacalli, I mean that degree of care which a reasonably careful child of the age, mental capacity and experience of the plaintiff, Nick Varacalli, would use under the circumstances similar to those shown by the evidence. The law does not say how such a child would act under those circumstances. That is for you to decide."

The theory behind Varacalli's objection to Defendant's Instruction No. 6 was that it was an incomplete statement of the law since it did not reflect the difference in the standard of care to which a child is held in relation to the standard of care for an adult. Moreover, he contends that the defect in this instruction was not corrected by Plaintiff's Instruction No. 7 which defined the words "ordinary care" as they applied to a child, because Defendant's Instruction No. 6 was a peremptory instruction, and as such, its failure to completely state the law could not have been cured by other definitional instructions. We disagree.

■■ ■ It is a well-established principle in Illinois that in tort cases the standard of care applied to a child is different than the standard of care applied to an adult. Consequently, jury instructions must reflect this deviation. In determining whether a minor has been contributorily negligent, IPI Civil No. 10.05, which was given to the jury as Plaintiff's Instruction No. 7 in the case at bar, has been held to adequately reflect the standard of care upon which he is judged. (*Diederich v. Walters* (1976), 65 Ill. 2d 95, 357 N.E.2d 1128.) Therefore, it is apparent that the jury was adequately apprised, through Plaintiff's Instruction No. 7, of the proper standard with which to judge Varacalli's actions.

■■ ■ We find it of no consequence that the standard was furnished through a separate definitional instruction, rather than in the instruction which set out plaintiff's burden of proof (Defendant's Instruction No. 6). "It is the overwhelming authority in this State that jury instructions are to be considered as a whole and read together to determine whether they fairly and accurately state the law. [Citations.]" (*Palausky v. Landers,* (5th Dist. No. 77-569, filed December 26, 1978); *Krause v. Henker* (1st Dist. 1972), 5 Ill. App. 3d 736, 284 N.E.2d 300.) We hold that Defendant's Instruction No. 6 and Plaintiff's Instruction No. 7, when read in conjunction with each other, presented an accurate statement of the law

as it pertained to the contributory negligence of a child. Accordingly, the trial court erred in granting Varacalli a new trial.

We think it worth noting that the instructions that were given by the court were IPI instructions whereas the instructions tendered by the plaintiff and refused by the court were non-IPI instructions.

Reversed.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, dissenting:

Since defendant's instruction number 6 was a peremptory instruction, it had to be correct in all respects and any error in it could not be cured by other instructions. The majority opinion states:

> "We find it of no consequence that the standard was furnished through a separate definitional instruction, rather than in the instruction which set out plaintiff's burden of proof."

This holding is in direct conflict with previous rulings of our supreme court. This is made abundantly clear by the language contained in *Hanson v. Trust Co.* (1942), 380 Ill. 194, 197-98:

> "Plaintiff contends that the vice of the instruction was cured by other instructions when they are considered as a series. It is well established that the law applicable to different questions may be stated in separate instructions and that the entire law applicable to all the questions involved in the case need not be stated in each. In such cases, they supplement each other and if they fairly present the law of the case when considered as a series, it is deemed sufficient. But the rule is different where an instruction directs a verdict for either party or amounts to such a direction, then in such case it must necessarily contain all the facts which will authorize the verdict directed. [Citations.] When a peremptory instruction omits a fact or circumstance essential to recovery, the law is that such error in the instruction cannot be cured by any other instruction in the series of instructions. [Citations.]
>
> In making the contention that the error in the instruction was cured by other instructions given, plaintiff relies upon cases such as *Minnis v. Friend,* 360 Ill. 328, and *People v. Falley,* 356 id. 545, where it was held that no instruction need state all the law in a case but that it was sufficient if the instructions, when taken as a series, correctly advised the jury as to the law applicable to the case. The distinction between the instructions involved in those cases and the one in the instant case is that this directs a verdict while the others do not."

I dissent for another reason. This petition for leave to appeal should never have been allowed because it violated the Supreme Court Rules. Supreme Court Rule 306(a)(1) provides:

> "An appeal may be taken from an order of the circuit court granting a new trial only on the allowance by the Appellate Court of a petition for leave to appeal. The petition shall contain a statement of the facts of the case, supported by references to the record, and of the grounds for the appeal." (Ill. Rev. Stat. 1977, ch. 110A, par. 306(a)(1).)

The petition for leave to appeal did not contain a statement of the facts of the case so that we could determine for ourselves who was at fault in this accident. There may have been other errors in the record which would have allowed the trial court to grant the motion for a new trial. However, since no statement of facts was contained in the petition and since no report of proceedings of the evidence has been filed in this court, we do not know whether there was any error other than that complained of in the instructions which would warrant allowance of a new trial. It has always been held that even where the trial judge states his reasons for the granting of a new trial, the appellate court is not confined to any particular ground or reason stated by the trial court for the allowance of a new trial, but may examine the complete record for any other errors committed. (6 Nichols, Illinois Civil Practice §6005 (1975).) In *Meyer v. Povilat* (1959), 20 Ill. App. 2d 279, the court said at page 280:

> "When leave to appeal from an order granting a new trial is obtained, the argument is not restricted to the grounds mentioned by the trial court. 'In determining the propriety of the ruling of the trial court on a motion for new trial, the reasons given by the trial court for its action are immaterial. The reviewing court is not limited by such reasons in its consideration of the matter, and the ruling of the trial court granting a new trial can be sustained in the reviewing court on all grounds urged in the lower court in support of the motion even though the trial judge did not state all those grounds as the basis for his decision.' 2 I.L.P., Appeal and Error, Sec. 633, with citations."

Plaintiff in his post-trial motion complained of numerous errors in the admission and exclusion of evidence, including one where he had asked for a mistrial because defense counsel was allowed to cross-examine plaintiff's witness as to an automobile-bicycle collision in which the witness was involved, which had no connection with the present case. Rule 306 previously referred to says that the petition shall contain a statement of facts of the case supported by references to the record and of grounds for the appeal. Since this rule was not complied with either in the petition filed or in the excerpts or record filed in this case, we have

been prevented from exercising the scope of review that we should exercise in a case such as this.

For the foregoing reasons I dissent from the majority opinion.